UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 12-049-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BRANDON BUSTLE, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

On November 18, 2014, the Court denied Defendant Brandon Bustle motion to reduce his sentence pursuant to 18 U.S.C. § 3582 and for appointment of counsel. [Record No. 93] Bustle did not appeal this Court's ruling regarding either issue and the time for doing so has expired.  However, by letter dated February 19, 2016, but postmarked three days earlier, Bustle again asked the Court "for a two point reduction [of his] sentence."  [Record No. 96]  No grounds were stated; however, Bustle again asked the Court to appoint counsel in connection with his motion.

As outlined in the Memorandum Opinion and Order filed on November 18, 2014, appointment of counsel is not needed to consider the defendant's request for a reduction of his sentence.  Further, there is no constitutional right either to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2).  *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531

U.S. 1080 (2001). Section 3582(c)(2) simply provides "a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted.

By separate opinion, the Court will address the Bustle's request for a reduction of his sentence under 18 U.S.C. § 3582 as a motion for reconsideration of the earlier determination. However, the record and information available to the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2). Therefore, appointment of counsel would be a unnecessary and a waste of resources. Accordingly, it is hereby

**ORDERED** that Defendant Brandon Bustle's second motion for appointment of counsel [Record No. 96] is **DENIED**.

This 26th day of February, 2016.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge